No. 20-2160

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT


UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

  vs.

KEVIN VIGIL,

        Defendant-Appellant.


Appeal from the United States District Court for the District
of New Mexico, the Honorable Martha Vazquez
USDC NM CR No. 18-739 MV

---

## APPELLANT'S REPLY BRIEF

---

(No Attachments)

Devon Fooks
Attorney for Appellant
Assistant Federal Public Defender
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
devon_fooks@fd.org

June 11, 2021

# <u>TABLE OF CONTENTS</u>

Page

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**I.    Because the Government Failed to Prove When the Events Described in A's Statements Reasonably Could Have Occurred, the District Court Erred in Admitting the Statements under Fed. R. Evid. 803(1) and (2). A's Statements Were Also Inadmissible under Rule 803(2) because the Government Failed to Prove that A Was in a Continuous State of Excitement from the Described Events until her Statements.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**A.** *The Government Acknowledges that the Evidence Did Not Show whether Anal Penetration Even Occurred.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**B.** *The Government Does Not Attempt to Counter the Facts Showing that Mr. Vigil Could Not Plausibly Have Committed Anal Penetration During Any of the Three Intervals when A was in his Bed.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**C.** *Despite the Indictment Charging Mr. Vigil in Separate Counts with "Separate and Distinct" Sexual Acts, the Government Now Argues that A's Statement about both Acts Described a Single Event and It Was Only Required to Prove when Some Form of Improper Touching Could Have Occurred..* . . . . . . . . . . . . . . . . . . . . . . . 6

**D.** *The Government Mischaracterizes Mr. Vigil's Argument that the District Court Failed to Make Required Factual Findings.* . . . . . . . . . . . . . . . . . . . . . . . . . 8

**E.** *The Government Does Not Argue that if this Court Finds A's Statement was Erroneously Admitted, It Should Find the Error was Harmless.* . . . . . . . . . . . . . 8

**F.** *The District Court's Discussion of the Rule 803(1) Requirement that a Statement Be Made Close in Time to the Event Described in the Statement Shows that the Court Was Alerted to that Issue.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

i

**G.**  *The Wrongful Admission of A's Statement under Rule 803(1) Meets the Plain Error Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**H.**  *The Government Does Not Argue It Proved the Continuous State of Excitement Required for Admissibility under Rule 803(2).* . . . . . . . . . . . . . . . . 12

**II.**  **The Government Failed to Meet Its Burden to Prove that the District Court Had Subject Matter Jurisdiction.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**CONCLUSION**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(g)** . . . . . . . . . . . . . . . . . . . . . . . . 14

**CERTIFICATE OF SERVICE**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                            <u>Page</u>

*Bourjaily v. United States*,
483 U.S. 171 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Koon v. United States*,
518 U.S. 81 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McLane Co., Inc. v. E.E.O.C.*,
– U.S. –, 137 S.Ct. 1159 (2017)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Barletta*,
652 F.2d 218 (1st Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Gonzalez-Huerta*,
403 F.3d 727 (10th Cir. 2005)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11


<u>Rules of Evidence</u>

Fed. R. Evid. 803 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Defendant Kevin Vigil replies as follows to Appellee's Answer Brief

("AB"), filed May 13, 2021.

## ARGUMENT

**I.     Because the Government Failed to Prove When the Events Described in A's Statement Reasonably Could Have Occurred, the District Court Erred in Admitting the Statement under Fed. R. Evid. 803(1) and (2). A's Statements Were Also Inadmissible under Rule 803(2) because the Government Failed to Prove that A Was in a Continuous State of Excitement from the Described Events until her Statements.**

**A.** *The Government Acknowledges that the Evidence Did Not Show whether Anal Penetration Even Occurred.*

Mr. Vigil argues in this appeal that A's statement accusing him of twice anally penetrating her with his penis was wrongly admitted under Fed. R. Evid. 803(1) and (2) because there was no proof of when the described events occurred and consequently, no basis for presuming the statement reliable. The government now concedes that it was unclear from A's statement what she even meant when she said that Mr. Vigil twice put his penis in her "butt." AB 30. Perhaps, the government states, there was "merely rubbing and friction that A.W. perceived as penetration." AB 31. Because A did not testify, Mr. Vigil was unable to probe the meaning of her statement or to challenge the factual basis of the accusations admitted against him through A's hearsay statement.

Mr. Vigil was charged in Count I with a "sexual act . . . [that] consisted of contact between the defendant's penis and Jane Doe's anus." ROA Vol. I, p. 28. Evidence of "merely rubbing and friction that A.W. perceived as penetration" was insufficient to convict him on Count I. *See* ROA Vol. I, p.370 (the jury was instructed that "[f]or the purposes of Count 1, 'sexual act' means contact between the defendant's penis and the anus of Jane Doe with contact occurring upon penetration, however slight.").

The jury acquitted Mr. Vigil on Count 1. If he had not been unfairly prejudiced by the improper admission of the abhorrent accusations in A's statement, the jury might well have acquitted him on Count 2 as well. A's statement contained the only accusations from an individual with knowledge of the events underlying the charges against Mr. Vigil. While it is impossible to discern the considerations and compromises that entered into the verdict, the jury likely concluded Mr. Vigil deserved punishment once it heard that a six-year-old child accused him of twice anally penetrating her with his penis. Without the indelible impact of A's wrongly admitted accusations, it is reasonably probable that the jury would not have convicted Mr. Vigil.

2

**B.** *The Government Does Not Attempt to Counter the Facts Showing that Mr. Vigil Could Not Plausibly Have Committed Anal Penetration During Any of the Three Intervals when A was in his Bed.*

As Mr. Vigil explained in his opening brief at 27-28, Consuelo's testimony delineated three distinct time periods when A and Mr. Vigil were in his bed. He argued that the facts related by Consuelo preclude a reasonable conclusion that the charged anal penetration occurred during any of the three intervals. The government does not dispute these facts.

The three intervals were: (1) prior to when A and Mr. Vigil got out of bed and came out to the kitchen and living room and chatted with Consuelo and Tommy, A's father; (2) the brief time while Consuelo used the bathroom before coming into the bedroom and turning on the light after Mr. Vigil and A had gone back to bed; and (3) the three minutes while Consuelo lay in bed next to A and Mr. Vigil. *Id.* Mr. Vigil pointed out that it would be unreasonable to conclude that the charged anal penetration could have occurred during the first time period in light of the fact that A behaved normally during the approximately ten minutes she was alone with her parents in the kitchen after getting out of bed[1] and the roughly thirty-five minutes with her parents after Mr. Vigil joined them and her subsequent

---

[1] As the government points out, AB 3, A spent a total of about forty-five minutes with her parents in the kitchen before going back to bed.

3

choice to return to Mr. Vigil's bed. OB 27-28. Mr. Vigil explained it would also be

unreasonable to conclude that he committed anal penetration during the brief time

while Consuelo used the bathroom,[2] given that she came from there to the bedroom

without warning and turned on the lights, but reported no indication that either A

or Mr. Vigil was even awake. *Id.* at 28. And finally, it would be unreasonable to

conclude that two acts of anal penetration occurred during the third time period–the

three minutes Consuelo lay within inches of A and Mr. Vigil in the same bed

without noting that either of them was awake before she woke them up; she heard a

gasp, but did not hear A say it hurt or her plea to stop, as A's statement reported.

*Id.* at 27.

    The government does not attempt to explain how these facts would permit a

reasonable conclusion that the charged anal penetration occurred during any of the

three intervals when A was in Mr. Vigil's bed. It does not argue it proved some

other time when the anal penetration acts could have occurred.

    Unable to point to any proof of when the anal penetration occurred, the

government makes numerous inapposite points. It states that A did not report

---

[2]   The government cites the probable cause affidavit it submitted to the magistrate
judge for its contention that Consuelo spent ten or fifteen minutes in the bathroom before
joining A and Mr. Vigil in bed. *See* AB 3, 29 (both citing 1 ROA 21). Because the
government did not raise this in the district court with respect to the admissibility of A's
statement and there is no indication the district court considered it, this court should decline
to consider it as well.

"protracted anal penetration." AB 30. It cites reports by the SANE nurse and interviewer Blackwell that do not show when anal penetration could have taken place. AB 25-27. It points out that Mr. Vigil could have improperly touched A during a ten or fifteen minute period. AB 29. It complains that Mr. Vigil should have put on expert testimony to show that two acts of anal penetration could not have occurred during the three minutes while Consuelo was lying in bed next to A and Mr. Vigil. AB 29 n.8. No expert testimony is needed to understand the unlikelihood that Mr. Vigil twice put his penis in A's anus during the three minutes Consuelo lay awake beside them without noticing that A or Mr. Vigil was even awake and without Consuelo hearing A call out to Mr. Vigil to stop and that it hurt, as A's statement reported.

Because the government failed to prove that the charged anal penetration occurred during any of the three intervals when A was in Mr. Vigil's bed or at any other time, it failed to meet its burden to prove the admissibility of A's statement describing the two acts of anal penetration. Consequently, A's statement was wrongly admitted.

**C.** *Despite the Indictment Charging Mr. Vigil in Separate Counts with "Separate and Distinct" Sexual Acts, the Government Now Argues that A's Statement about both Acts Described a Single Event and It Was Only Required to Prove when Some Form of Improper Touching Could Have Occurred.*

The government charged Mr. Vigil in the indictment with two counts of sexual acts. Each count stated that it was "separate and distinct" from the other. ROA Vol. I, p. 28. Count 1 charged "a sexual act . . . [that] consisted of contact between the defendant's penis and Jane Doe's anus." ROA Vol. I, p. 28. Count 2 charged "a sexual act. . . [that] consisted of penetration, however slight, of Jane Doe's genital opening by the defendant's finger(s)." *Id.* at 28-29.

The government now takes the position that the "separate and distinct" acts charged in the indictment were a single event for purposes of Rules 803(1) and (2). It contends that it was not required to prove that A's statement accusing Mr. Vigil of two acts of anal penetration with his penis was made close in time to those acts, but only that the statement was made soon after some form of assault could have taken place. *See, e.g.,* AB 22 (the government had to show "that A.W.'s statements were made 'immediately after' Vigil abused A.W."); AB 24 (A.W. made her statements to Consuelo "'shortly' after the assault"); AB 25 (the district court correctly concluded that A's statements "were made 'shortly' after Vigil assaulted A.W. in his bed"); AB 27 ( the evidence shows "Vigil sexually assaulted A.W. on February 4, 2018"); AB 29 (A's statement could reasonably be interpreted to mean

6

"that Vigil began touching A.W. before Consuelo joined A.W. and Vigil in the bed and then continued touching A.W. in Consuelo's presence."); AB 29 ("ten to fifteen minutes alone with a child is not so 'brief' it would be . . . unreasonable to conclude that Vigil had sufficient time, prior to Consuelo being present, to begin touching A.W.'s genitalia."); AB 32 (A gave an "account of the single assault she suffered at Vigil's hands"); AB 34 n.9 (the district court did not clearly err in finding "only a short amount of time between Vigil's assault of A.W. in his bed and A.W.'s statements on the drive to the hospital").

Strict adherence to hearsay rules is crucial in criminal cases where unfair convictions may result from the admission of unreliable hearsay statements. Rules 803(1) and (2) do not provide that a statement may be admitted upon proof that an "event or condition" in the same general category as the one described took place close in time to the statement. By failing to prove when the anal penetration described in A's statement took place, the government failed to meet the requirements of Rules 803(1) and (2). *See Bourjaily v. United States*, 483 U.S. 171 (1987)(the proponent of hearsay evidence has the burden to prove facts establishing the foundation). The district court erred in admitting A's statement.

**D.** *The Government Mischaracterizes Mr. Vigil's Argument that the District Court Failed to Make Required Factual Findings.*

Contrary to the government's characterization of Mr. Vigil's appeal as raising merely a factual issue, AB 23-25, 31, the district court legally erred by admitting A's statement describing two acts of anal penetration without proof of when those acts took place. The district court's finding that A made her statement soon after Consuelo's observations of A and Mr. Vigil unclothed, ROA Vol. I, p. 340, was not a finding it was made "while or immediately after" the events that A described in her statement, as Rule 803(1) requires.

The district court's ruling resulted from misunderstanding of the findings necessary for admissibility of hearsay statements under Rules 803(1) and (2). "A district court by definition abuses its discretion when it makes an error of law. . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. United States*, 518 U.S. 81, 100 (1996). *See also McLane Co., Inc. v. E.E.O.C.*, – U.S. –, 137 S.Ct. 1159, 1168 n.3 (2017)(same).

**E.** *The Government Does Not Argue that if this Court Finds A's Statement was Erroneously Admitted, It Should Find the Error was Harmless.*

The government does not dispute that it has the burden to prove that the district court's evidentiary error was harmless. *See* OB 31. It does not attempt to

meet that burden and does not take issue with Mr. Vigil's assertion, OB 31-32, that the admission of A's statement accusing him of two acts of anal penetration caused extreme prejudice that cannot be deemed harmless.

**F.** *The District Court's Discussion of the Rule 803(1) Requirement that a Statement Be Made Close in Time to the Event Described in the Statement Shows that the Court Was Alerted to that Issue.*

The government does not dispute that the district court's findings reflect recognition that, to be admissible under Rule 803(1), A's statement had to have been made close in time to the event the statement described. The court pointed out the Rule 803(1) requirement that "the statement must describe or explain the event perceived" and "the description must be 'substantially contemporaneous' with the event in question." ROA Vol. I, p. 338 (citations omitted). It noted that "the contemporaneousness of the event and statement" is the basis for presuming the reliability of the statement. *Id.* at 339 (citation omitted). *See also* ROA Vol. III, p. 105 ("the linchpin for the admissibility of these out-of-court statements . . . for either present sense impression or excited utterance is that they are reliable[,] because there's no time to fabricate.").

**G.** *The Wrongful Admission of A's Statement under Rule 803(1) Meets the Plain Error Standard.*

The admission of A's statement violated the plain language of Rule 803(1). The government does not argue that if the district court erred in admitting A's statement as a present sense impression without proof that the statement was "made while or immediately after the declarant perceived" the described event, that error is not plain.

The government claims that the jury made "its own credibility determinations about the reliability of . . . A.W.'s statements." AB 32. The district court must ensure that the requirements of Rule 803(1) are met precisely because the jury is ill equipped to determine the reliability of hearsay statements from a witness who does not testify. Because the district court failed to make the necessary finding of temporal proximity, the jury was left to arrive at a verdict based on a hearsay statement that had not been proved reliable.

There can be no question that A's hearsay statement was central to the government's case. It contained the only evidence against Mr. Vigil that could have derived from firsthand knowledge of the charged acts and constituted the only evidence of anal penetration. Despite the devastating impact of the wrongful admission of A's statement, the jury found Mr. Vigil not guilty on Count 1. It is reasonably probable that Mr. Vigil would not have been convicted on Count 2

10

without A's erroneously admitted statement. To allow his wrongful conviction and 30-year sentence to stand would "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005).

The government inaccurately analogizes *United States v. Barletta*, 652 F.2d 218 (1st Cir. 1981), which upheld the district court's refusal to admit into evidence a tape recording of a telephone conversation between the defendant and a government informant as an adoptive admission, to the circumstances of this case. *Id.* at 220. The court noted in *Barletta* that the preliminary question on admissibility, whether three contested statements by the informant were adopted as admissions by the defendant, "present[ed] precisely the same question as an ultimate issue of fact in the case." *Id.* at 219. The admissibility of A's statement as a present sense impression, on the other hand, turned not on the ultimate issue of the truth of A's accusations, but rather on whether the statement was "made while or immediately after the declarant perceived [the described event]."

**H.** *The Government Does Not Argue It Proved the Continuous State of Excitement Required for Admissibility under Rule 803(2).*

Mr. Vigil incorporates the arguments he made above with respect to the government's failure to prove when the two acts of anal penetration described in A's statement occurred and the district court's finding only that A's statement was made close in time to when some form of abuse could have occurred.

The government does not dispute that Mr. Vigil's Rule 803(2) argument is subject to review for abuse of discretion. AB 33.

A's statement accusing Mr. Vigil of anal penetration was admissible under Rule 803(2) only if it was made while she was still under the stress of excitement of those acts. Failing to prove when those acts occurred, the government also failed to prove a continuous state of excitement from their occurrence until the time of A's statement. In arguing that the statement was properly admitted under Rule 803(2), the government repeats its mistake with respect to Rule 803(1)–arguing that it was required to prove only temporal proximity between when some form of assault could have taken place and A's statement. AB 34 n.9. It does not maintain that the two acts of anal penetration related in A's statement were not a startling event or that it proved a continuous state of excitement from when those acts could have occurred to when A made her statement.

12

The government points to Consuelo's description of A as upset when she made her statement, AB 35, but cites no evidence that A was in any way upset before leaving Mr. Vigil's house with her parents. In asserting that there was no intervening event between the startling event and the statement, AB 36-37, the government overlooks a number of intervening events–A was roused by her mother, got out of bed, got dressed, said goodbye, left Mr. Vigil's house, and got in the car with her parents and drove off.

The government argues now that A's statement was made within thirty minutes of a startling event. AB 34. In the district court, it argued that A's statement was made within an hour of a sexual assault. ROA Vol. III, p. 103.

The admission of profoundly prejudicial hearsay evidence against Mr. Vigil without the required proof of reliability under Rule 803(2) necessitates reversal.

## II.    The Government Failed to Meet Its Burden to Prove that the District Court Had Subject Matter Jurisdiction.

Mr. Vigil reiterates his statement concerning this issue in his opening brief.

## CONCLUSION

For the reasons stated above and those set forth in Mr. Vigil's opening brief, this Court should hold that the district court wrongly admitted A's hearsay statements and that the error was not harmless and remand this case for further proceedings.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
devon_fooks@fd.org


   /s/   Devon Fooks
Devon Fooks
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(g)

I, Devon Fooks, counsel for Defendant-Appellant Kevin Vigil, certify that this reply brief conforms to the type-volume limitations of Federal Rule of Appellate Procedure 32(g). The brief is typed in a proportionally spaced 14-point type. Excluding table of contents, table of citations, and certificates of counsel, it contains 3018 words.

devon_fooks@fd.org


   /s/   Devon Fooks             
Devon Fooks
Attorney for Defendant-Appellant


## **CERTIFICATE OF SERVICE**

I, Devon Fooks, certify that an original of this document was sent by first class mail, postage prepaid, to the Clerk of the Court of Appeals for the Tenth Circuit, Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado 80257, and that it was electronically filed on June 11, 2021, using this Court's CM/ECF system.  I also certify that counsel for the government is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.  Upon notification of approval, seven copies will be mailed to this court.


FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
devon_fooks@fd.org


   /s/   Devon Fooks             
Devon Fooks
Attorney for Appellant


15